1999 ND 98

**Richard V. LARSON, Plaintiff and Appellant,**

v.

**Bruce M. HETLAND, M.D., Mid Dakota Clinic, Defendant and Appellee.**

No. 980355.

Supreme Court of North Dakota.

May 25, 1999.

Rehearing Denied June 25, 1999.

Howard M. Anderson, Jr., (submitted on brief), Fargo, N.D., for plaintiff and appellant.

William A. Strutz (argued) and Shari J. Levy (appeared), Fleck, Mather & Strutz, Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] Richard Larson appeals the judgment of the district court dismissing his professional negligence claim against Dr. Bruce Hetland. We affirm, holding the district court did not err in dismissing the claim under N.D.C.C. § 28-01-46 because Larson failed to meet the requirements of the statute as a matter of law.

I

[¶ 2] Richard Larson, acting pro se, commenced this action in July 1995, alleging Dr. Hetland committed medical malpractice by misdiagnosing his foot pain and prescribing drugs which induced a stroke. For over a year, the case languished as neither party pursued any significant discovery. In August 1996, the district court informed Larson the case would be reviewed on November 21, 1996, and dismissed if a certificate of readiness or concluding papers were not filed by that date. In October 1996, Larson requested a two-month extension to find an expert medical witness. The court denied the request, noting Larson had already had nearly fifteen months to secure an expert witness.

[¶ 3] On November 4, 1996, Howard Anderson, a Fargo attorney, filed a notice of appearance and requested an extension so that an expert witness could be found. The court granted Larson until January 15, 1997, to find an expert witness, but noted, "[p]laintiff is notified that this is the last extension."

[¶ 4] On January 15, 1997, Dr. Hetland moved to dismiss the claim based upon Larson's failure to designate an expert witness. The same day, Larson filed a handwritten letter which identified his expert witness as Dr. Stanley Reiswig. The district court later denied Dr. Hetland's motion to dismiss, stating "a document designating an expert witness was filed on January 15, 1997." About this time, Larson discharged his attorney.

[¶ 5] On January 28, 1997, Larson's expert, Dr. Reiswig, filed an affidavit with the court stating: (1) he was a licensed medical doctor, (2) he had consulted with Larson about the malpractice claim against Dr. Hetland, (3) he had experience in the area of medicine involved in the lawsuit, and (4) he was prepared to give expert testimony on Larson's behalf. Dr. Reiswig, whose North Dakota medical license was revoked in June 1997, did not proffer any further opinion on the matter.

[¶ 6] On July 14, 1997, the court again informed Larson the case would be reviewed on October 6, 1997, and dismissed if a certificate of readiness or concluding papers were not filed by that date. Depositions were then scheduled for the end of September 1997, but on the tenth of that month Larson canceled due to illness. On November 19, 1997, the court again changed the case review date to December 29, 1997, apparently due to Larson's illness in September.

[¶ 7] In December 1997, Fintan Dooley, Larson's second attorney, submitted an affidavit to the court, stating:

1. I undertook special effort ... to find an expert qualified to opine on the subject of stroke in this special instance not on some statistically remote basis which could not be related or determined precisely relevant to the physical status, age, and circumstances of Richard Larson's stroke.

2 .... unhappily I find myself unable to present a case with a qualified expert.

3. Richard Larson has strenuously insisted that he will find a qualified expert and I believe that he will try and I hope he does find a qualified expert.

The court subsequently granted Dooley's motion to withdraw as counsel and ordered the clerk of court to immediately schedule the case for trial.

[¶ 8] On January 15, 1998, Larson filed a certificate of non-readiness due to his lawyer's withdrawal, but informed the court he

would "be ready for trial not later than July 1, 1998." The trial was then set for August 12, 1998. Due to scheduling conflicts for both parties, the court again rescheduled trial for December 2, 1998.

[¶ 9] On July 21, 1998, Dr. Hetland served Larson a notice to take the depositions of Larson and Dr. Reiswig for August 4, 1998. Four days before the scheduled depositions, Larson telephoned Dr. Hetland's attorney requesting postponement so that he could hire a new attorney. The depositions were rescheduled for August 10, 1998. On August 6, 1998, Larson notified Dr. Hetland and the court that neither he nor Dr. Reiswig would be able to attend the August 10 depositions. He stated in his letter, "so that we are clear on the matter, neither I nor Dr. Reiswig will be able to attend the depositions that you have scheduled on August 10, 1998."

[¶ 10] On August 10, 1998, Dr. Hetland moved for dismissal based upon Larson's failure to comply with discovery rules and timely meet the statutory requirement of designating an admissible expert opinion under N.D.C.C. § 28-01-46. On August 21, 1998, Larson responded by letter to the court requesting a two-month extension to locate another expert medical witness and secure legal counsel. Larson also asked the court to excuse his absence at the August 10 depositions because he had been hospitalized from August 7-13, 1998. He failed to explain, however, his letter of August 6 which stated in no uncertain terms he would not be attending the depositions. On September 4, 1998, the court granted Hetland's motion to dismiss, stating:

> Based on the entire history of this case, the Court concludes the plaintiff has failed to comply with reasonable discovery requests. The Court reaches this conclusion not merely on failure to attend the August 10, 1998, depositions, but on the repeated requests for postponement and delay. The plaintiff has not obtained an admissible expert opinion to support his allegation of professional negligence in a timely fashion as required by Section 28-01-46 of the North Dakota Century Code.

After the court entered a judgment dismissing the action with prejudice, Larson timely filed this appeal.

## II

[¶ 11] The district court dismissed Larson's claim based on discovery violations and his failure under N.D.C.C. § 28-01-46 to timely obtain an admissible expert medical opinion supporting his claim of malpractice. We find it unnecessary to address the discovery violations, however, because we conclude the district court correctly determined Larson failed to comply with the requirements of N.D.C.C. § 28-01-46.

[¶ 12] When this action was commenced N.D.C.C. § 28-01-46 provided in part:

> Any action for injury or death against a physician, nurse, or hospital licensed by this state based upon professional negligence is dismissible on motion unless the claimant has obtained an admissible expert opinion to support the allegation of professional negligence within three months of the commencement of the action or at such later date as set by the court.

The statute was "designed simply to minimize frivolous [malpractice] claims" by requiring the plaintiff to obtain an expert opinion supporting the allegations of negligence during early stages of the litigation. *Heimer v. Privratsky*, 434 N.W.2d 357, 359 (N.D. 1989). Although aimed at screening frivolous claims, the statute "does not require the plaintiff to complete discovery or to establish a prima facie case during that accelerated time frame." *Ellefson v. Earnshaw*, 499 N.W.2d 112, 114 (N.D.1993). Neither does the statute require the expert opinion to be sufficient to sustain a directed verdict. *Id.* at 115. Section 28-01-46 merely requires the plaintiff to obtain an expert opinion to "support the allegations of malpractice." If the plaintiff fails to do so, the trial court may, within its discretion, dismiss the action or provide additional time for the plaintiff to provide the expert.[1]

[¶ 13] In December 1997, Larson's attorney moved to withdraw as counsel because

---

1. The Legislature amended N.D.C.C. § 28-01-46 with substantive changes in 1997. *See* 1997 N.D.Sess.Laws ch. 272. The amendment makes three changes to the statute: the plaintiff must now submit to the court specific information about the expert, an extension of time will be granted only upon a showing of good cause, and

he was unable to find a suitable expert with which to present the case. He further advised the court Larson was willing to proceed pro se and try to secure another medical expert. As late as August 21, 1998, Larson still had not secured an expert. In a letter to the court on that date, he requested another two-month extension because he had "not been able to find and name another medical expert witness." Three years after commencing this lawsuit, Larson had abandoned Dr. Reiswig and still had not secured a medical expert opinion supporting his claim of professional negligence. We conclude the district court did not err in dismissing Larson's claim under N.D.C.C. § 28–01–46 because he failed to meet the requirements of the statute as a matter of law.[2]

[¶ 14] Our resolution of this issue makes it unnecessary to address the other issues raised by the parties. The district court's judgment dismissing Larson's claim against Dr. Hetland is affirmed.

[¶ 15] VANDE WALLE, C.J., NEUMANN, KAPSNER, JJ., and JAMES H. O'KEEFE, S.J., concur.

[¶ 16] JAMES H. O'KEEFE, S.J., sitting in place of SANDSTROM, J., disqualified.

the court is now required to dismiss the action without prejudice if the plaintiff fails to timely designate an expert. *See id.* The amendment does not affect this appeal, however, because we have previously declined to give N.D.C.C. § 28–01–46 retroactive effect. *See Fortier v. Traynor,* 330 N.W.2d 513, 516 (N.D.1983) (stating "nothing in the language of this statute or the legislative history suggests that the Legislature intended that Sec. 28–01–46 be applied retroactively").

2. We note both parties argued our review of the district court's decision under N.D.C.C. § 28–01–46 is for abuse of discretion. We have previously

indicated, however, the standard of review under N.D.C.C. § 28–01–46 may vary depending on the procedural posture of the case. *See Larsen v. Zarrett,* 498 N.W.2d 191, 195–96 n. 2 (N.D.1993) (stating "greater leniency for the plaintiff who is subject to a motion for dismissal under Sec. 28–01–46 may be required than is typically given under either [summary judgment or evidentiary] standard[s]"). As in *Zarrett,* we need not address the proper standard of review under N.D.C.C. § 28–01–46 because Larson failed to meet the requirements of the statute as a matter of law. *Id.*