HEANEY, Circuit Judge,
dissenting.
Because I believe that N.D.C.C. § 28-01-46 allows the district court the discretion to extend the time for provision of an expert opinion in a medical malpractice action, and because I believe that good cause for an extension of time was shown in the circumstances of this case, I must respectfully dissent.
A more complete statement of the factual background is essential to understanding this case. Living without a telephone or reliable transportation, and subsisting on government surplus food, Mary Rose Kills Crow Weasel, a mother of six, was a diabetic who gained over fifty pounds during the course of her last pregnancy. After being admitted to the hospital on August 26, 1996 for a Caesarean section, Mary did not receive any insulin for a period of at least three days. Shortly after the Caesarean section, in which she delivered .a baby weighing thirteen pounds and eight ounces, Mary began experiencing shortness of breath. She went into cardiac arrest, and was without a heartbeat for twenty minutes, which left her permanently brain-damaged and in the comatose state in which she remains today. The plaintiffs allege that certain actions by the defendants exacerbated Mary’s distress, including: waiting too long before performing the Caesarean section; failing to provide Mary with insulin for her diabetic condition; having her walk while she could not breathe; and subjecting her to awake intubation without any medication to calm her.
Dale Weasel, Mary’s husband, is unemployed, disabled, and is facing the challenge of raising their children and foster children alone. The one significant asset of the Weasels is land that is held in Indian trust. Dale lives in precarious economic circumstances that have made the financing of the medical malpractice lawsuit difficult; he has sought assistance in pursuing this litigation from the Standing Rock Sioux Indian tribe. According to the affidavit submitted by the Weasels’ attorney, it was these financial circumstances that led to the request for additional time for the expert witness opinion.
The majority adopts a construction of the statute that neither party has advanced. According to the majority, under § 28-01-46, the district court retains no discretion to extend the time for the provision of an expert opinion if the plaintiff has not made arrangements for such an extension within three months after filing the action. See ante at 352. Neither the defendants nor the plaintiffs have urged this interpretation of the statute in front of the district court, in the briefs, or at oral argument. Both parties seem to agree that the only relevant issue in this appeal is whether the district court abused its discretion in not allowing an extension of time.
Further, the majority’s interpretation fails to honor the plain meaning of the statute. The plain language of N.D.C.C. § 28-01-46 allows for an extension of time if a plaintiff shows “good cause.” See, e.g. Nesdahl Surveying & Engineering, P.C. v. Ackerland Corp., 507 N.W.2d 686, 688 (N.D.1993) (“When looking for the legislature’s intent, the first place we are obligated to search is the language of the statute.”); Kimr-Go v. J.P. Furlong Enters., Inc., 460 N.W.2d 694, 696 (N.D.1990). The statute contains no requirement that a motion for an extension be filed within the three-month period. Although dismissal *355 upon proper motion by the defendant is mandatory, the statute is not self-executing, and if the defendant omits or chooses not to file such a motion, a plaintiffs action may not be dismissed. Given that the requirement to produce an expert opinion only becomes relevant upon a defendant’s motion, it would seem fair that a plaintiff be allowed to seek an extension within a reasonable time after receiving notice of the motion to dismiss under N.D.C.C. § 28-01-46. Cf Ellefson v. Earnshaw, 499 N.W.2d 112, 114 (N.D.1993) (finding that statute does not require plaintiff to complete discovery or establish prima facie case).
Finally, the majority’s reading of the statute is not in accord with the Supreme Court of North Dakota’s interpretation of the last version of the statute. In Larson v. Holland, 593 N.W.2d 785, 786 (1999), the trial court had granted the plaintiff an extension of time one year after both parties had failed to take any action on the case. The trial court dismissed the plaintiffs case only after granting a series of time extensions and after a period of three years had elapsed, and the Supreme Court of North Dakota affirmed. See id. at 787-88. Although the Supreme Court of North Dakota noted in Larson that the statute had recently been amended, the court did not state that the result would be any different under the new version of the statute. See id. at 787 n. 1.
Therefore, the question that has been briefed by the parties, and that I believe is at the center of this appeal, is whether the district court erred in concluding that Dale Weasel’s economic circumstances did not constitute good cause under § 28-01-46. In making this determination, the district court assumed that the plaintiffs’ attorney had taken the case on a contingent-fee basis and was advancing the expenses of litigation, as is typical in most medical malpractice cases. Although such contingent-fee arrangements are common, the brief that was submitted shows that this was not the arrangement between Weasel and his attorney, and that Weasel was waiting to obtain financing from Standing Rock Sioux Indian tribe. The district court’s unwillingness to recognize Weasel’s obvious financial difficulties as a form of “good cause” appears to flow directly from the assumption that the plaintiffs attorney was “fronting” the costs of litigation, an assumption unsupported on the record. As the decision to grant an extension of time should be predicated on the interests of justice, rather than the financial structure of the business of law, I would reverse.