2003 ND 92

**Robert N. HAUGENOE and Tracey Haugenoe, Plaintiffs and Appellants,**

v.

**William S. BAMBRICK III, M.D., Mercy Medical Center, Defendants and Appellees.**

No. 20020252.

Supreme Court of North Dakota.

June 6, 2003.

---

Donald L. Peterson, Peterson Law Office, Minot, ND, for plaintiffs and appellants.

John C. Kapsner, Vogel Law Firm, Bismarck, ND, for defendant and appellee, Mercy Medical Center.

Lance D. Schreiner (appeared) and Tracy Vigness Kolb (argued), Zuger Kirmis & Smith, Bismarck, ND, for defendant and appellee, William S. Bambrick, III, M.D.

MARING, Justice.

[¶ 1] Robert and Tracey Haugenoe appeal from the July 19, 2002, order [1] dismissing their complaint against Dr. William Bambrick and Mercy Medical Center without prejudice. We affirm in part, reverse in part, and remand for proceedings consistent with our opinion.

I

[¶ 2] A dismissal without prejudice is ordinarily not appealable because either party may commence another action. *See Community Homes of Bismarck, Inc. v. Clooten,* 508 N.W.2d 364, 365 (N.D.1993). "However, a dismissal without prejudice may be final and appealable if the ... dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Rodenburg v. Fargo–Moorhead YMCA,* 2001 ND 139, ¶ 12, 632 N.W.2d 407. In this case, where the statute of limitations has run, a dismissal "effectively forecloses litigation in the courts of this state." *Jaskoviak v. Gruver,* 2002 ND 1, ¶ 8, 638 N.W.2d 1 (quoting *Rodenburg,* at ¶ 12). We conclude the December 2, 2002, judgment of dismissal is, therefore, appealable. *See Jaskoviak,* at ¶ 8.

II

[¶ 3] On May 19, 1999, Robert Haugenoe was treated at Mercy Medical Center for a severely comminuted [2] compound fracture of his right elbow and a fracture of his right wrist. Dr. William Bambrick performed a surgical open reduction and internal fixation of the elbow. The Haugenoes claim that after the surgery, Dr. Bambrick assured them the elbow was in proper alignment, when a second opinion from a doctor in Montana revealed the elbow was misaligned and missing bone fragments.

[¶ 4] The Haugenoes commenced an action on May 25, 2001. Their complaint contained three counts. The first count alleged "healthcare negligence" against both Dr. Bambrick and Mercy Medical Center. The Haugenoes alleged that Dr. Bambrick was negligent in his performance of the surgery and follow-up treatment of the right elbow and that Mercy Medical Center was negligent in giving Dr. Bambrick privileges at its facilities. The

---

1. Although an order for judgment is not appealable, "an attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists." *Koehler v. County of Grand Forks,* 2003 ND 44, ¶ 6 n. 1, 658 N.W.2d 741. Therefore, we will treat this as an appeal from the December 2, 2002, judgment dismissing the Haugenoes' claims without prejudice.

2. "[A] fracture in which the bone is splintered or crushed into numerous pieces." Merriam–Webster's Medical Desk Dictionary (2002).

second count was an informed consent claim against Dr. Bambrick. The Haugenoes alleged that Dr. Bambrick failed to adequately inform Haugenoe of the risks of the surgery and follow-up treatment. In the third count, the Haugenoes alleged that due to Dr. Bambrick's "healthcare negligence," Tracey Haugenoe suffered a loss of her husband's consortium.

[¶ 5] Mercy Medical Center and Dr. Bambrick filed their answers to the complaint on June 13, 2001, and July 3, 2001, respectively, and served interrogatories on the Haugenoes on June 11, 2001, and July 2, 2001, respectively. Both Mercy Medical Center and Dr. Bambrick specifically inquired as to whether the Haugenoes had obtained an admissible expert opinion as required by N.D.C.C. § 28–01–46. Mercy Medical Center's interrogatories read as follows:

> *INTERROGATORY NO. 10:* Have you obtained an admissible expert opinion to support your allegations of professional negligence against Mercy Medical Center pursuant to N.D.Cent.Code § 28–01–46?

> *INTERROGATORY NO. 11:* If your answer to the immediately preceding interrogatory is in the affirmative, please attach a copy of the expert opinion affidavit referenced in § 28–01–46.

Dr. Bambrick's interrogatories read as follows:

> *INTERROGATORY NO. 44:* Have you obtained an admissible expert opinion to support your allegations of professional negligence against William S. Bambrick, III, M.D., as required by N.D.C.C. § 28–01–46?

> *INTERROGATORY NO. 45:* If your answer to the foregoing Interrogatory was in the affirmative, state:

> a. The expert's name and address;

> b. The expert's profession, business or occupation, and the field of expertise;

> c. The facts upon which you rely to support your contention that this expert's opinion is "admissible" as that term is used in N.D.C.C. § 28–01–46;

> d. Produce the expert's affidavit containing the information required by § 28–01–46.

Both Mercy Medical Center and Dr. Bambrick granted the Haugenoes extensions of time to answer the interrogatories and to provide an admissible expert opinion. The record reflects that Mercy Medical Center gave the Haugenoes until November 15, 2001, to respond and that Dr. Bambrick gave the Haugenoes until January 4, 2002, to respond. However, the Haugenoes never provided answers to either of the interrogatories and never provided any admissible expert opinion to either Mercy Medical Center or Dr. Bambrick.

[¶ 6] On February 4, 2002, Dr. Bambrick filed a motion to dismiss the Haugenoes' medical negligence claims because the Haugenoes had not provided an admissible expert opinion as required by N.D.C.C. § 28–01–46. Mercy Medical Center filed a similar motion to dismiss or for summary judgment on February 6, 2002. The Haugenoes filed an answer brief to Dr. Bambrick's motion to dismiss on February 20, 2002, claiming "N.D.C.C. § 28–01–46 does not apply to the present case where Bambrick misrepresented the condition of the elbow to Haugenoe." On March 21, 2002, the Haugenoes filed a brief in opposition to Mercy Medical Center's motion to dismiss or for summary judgment, arguing N.D.C.C. § 28–01–46 was not applicable to the case because Dr. Bambrick's misrepresentation of the condition of the elbow was an "obvious occurrence" under the statute.

[¶ 7] The trial court attempted to hold a hearing on Mercy Medical Center's and Dr. Bambrick's motions. However, a hearing was never held because of repeated cancellations by the Haugenoes. Instead, the parties submitted outlines of their oral arguments, and the court considered the matter based on the outlines. On July 19, 2002, the trial court entered its order dismissing the Haugenoes' entire complaint without prejudice. The court stated:

It is undisputed that, to date, Haugenoes have not supplied Bambrick and Mercy with an admissible expert opinion in support of their professional negligence claims. It is also undisputed that: (a) the statutory time period for submitting an admissible expert opinion has long since expired; (b) Haugenoes obtained several extensions of time to answer interrogatories and submit an admissible expert opinion; and, (c) the expert opinion was not forthcoming even after several assurances from Haugenoes' counsel that the same would be provided.

The Court further finds that the "obvious occurrence exception" provides no relief to Haugenoes in this situation——as there can be little question that, "An open reduction and internal fixation are beyond the understanding of a layperson and require expert testimony to explain the complicated, technical surgical procedure."

Accordingly, the Court is left with no alternative but to *dismiss* Haugenoes' complaint, without prejudice.

[¶ 8] The Haugenoes filed their notice of appeal on September 16, 2002. The judgment dismissing the complaint without prejudice was filed on December 2, 2002. On appeal, the Haugenoes first contend that the negligence claim against Dr. Bambrick should not have been dismissed be-cause the alleged healthcare negligence falls within the "obvious occurrence" exception to N.D.C.C. § 28–01–46. They further contend that the informed consent claim should not have been dismissed because N.D.C.C. § 28–01–46 is not applicable to informed consent claims. We disagree with the Haugenoes' first contention but agree with their second contention.

III

[¶ 9] We need not address the appropriate standard of review under N.D.C.C. § 28–01–46, because the Haugenoes have not met the requirements of the statute as a matter of law. *See Larson v. Hetland,* 1999 ND 98, ¶ 13 n. 2, 593 N.W.2d 785.

IV

[¶ 10] Section 28–01–46, N.D.C.C., requires a court to dismiss a malpractice action against a physician, nurse, or hospital, "unless the claimant has obtained an admissible expert opinion to support the allegation of professional negligence within three months of the commencement of the action or at such later date as set by the court for good cause shown by the plaintiff." The statute attempts to minimize frivolous claims by requiring the plaintiff to produce an expert opinion to support the allegations of negligence in the early stages of litigation. *See Larson,* 1999 ND 98, ¶ 12, 593 N.W.2d 785. However, expert testimony is not required "to establish a duty, the breach of which is a blunder so egregious that a layman is capable of comprehending its enormity." *Larsen v. Zarrett,* 498 N.W.2d 191, 192 (N.D.1993) (quoting *Arneson v. Olson,* 270 N.W.2d 125, 132 (N.D.1978)). The statute, therefore, does not apply to claims involving "unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb,

or other part of the patient's body, or other obvious occurrence." N.D.C.C. § 28–01–46.

[¶ 11] The Haugenoes argue that their negligence claim against Dr. Bambrick falls within the obvious occurrence exception to N.D.C.C. § 28–01–46, and therefore, they were not required to produce an expert opinion within three months of the commencement of the action. The healthcare negligence alleged against Dr. Bambrick, however, is not the type of claim that falls within the obvious occurrence exception. We have previously explained that technical surgical procedures, like the one performed in this case, are recognized as being beyond the understanding of a layperson. *See Larsen*, 498 N.W.2d at 195. To establish a prima facie case of medical malpractice under N.D.C.C. § 28–01–46, the Haugenoes needed to produce "expert evidence establishing the applicable standard of care, violation of that standard, and a causal relationship between the violation and the harm complained of." *Id.* at 192 (citations omitted). Because no admissible expert opinion was ever provided by the Haugenoes, they failed to meet the requirements of N.D.C.C. § 28–01–46 as a matter of law. *See Larson*, 1999 ND 98, ¶ 13, 593 N.W.2d 785. Therefore, we affirm the trial court's dismissal of the Haugenoes' negligence claim against Dr. Bambrick.

## V

[¶ 12] The Haugenoes' complaint also contained a claim against Mercy Medical Center alleging:

That Defendant Mercy Medical Center negligently gave Defendant William S. Bambrick III privileges in its facilities. That Defendant Mercy Medical Center failed to adequately investigate Defendant William S. Bambrick III's history, training and experience before granting him privileges. That despite a number of problems in the medical care provided by Defendant William S. Bambrick's [sic], Defendant Mercy Medical Center allowed Defendant William S. Bambrick to remain on staff and retain privileges until May, 2001.

[¶ 13] In the Haugenoes' brief in opposition to Mercy Medical Center's motion to dismiss or for summary judgment, they argue: "Mercy obviously granted privileges to an incompetent physician to practice medicine in its facility." In their outline of oral argument, the Haugenoes assert, "it is obvious that [Mercy Medical Center] should not have been allowed to have a physician with a history such as Dr. Bambrick of prior claims and obvious inadequacies in both ability and veracity."

[¶ 14] On appeal, the Haugenoes state their issue broadly: "The District Court erred in dismissing this action pursuant to N.D.C.C. § 28–01–46." In their statement of facts, the Haugenoes merely state: "Mercy Hospital allowed Dr. Bambrick staff privileges despite four professional liability claims paid in the State of Florida. The State of North Dakota Board of Medical Examiners suspended Dr. Bambrick's license to practice medicine by stipulation in July, 2000." There is no argument presented, however, why it was error for the trial court to apply N.D.C.C. § 28–01–46 to the Haugenoes' claim against Mercy Medical Center. "Issues not briefed by an appellant are deemed abandoned." *Anderson v. Heinze*, 2002 ND 60, ¶ 12, 643 N.W.2d 24 (quoting *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514). Therefore, we affirm the trial court's dismissal of the Haugenoes' negligence claim against Mercy Medical Center.

## VI

[¶ 15] The Haugenoes' final argument on appeal is that the trial court

improperly dismissed their informed consent claim against Dr. Bambrick. On July 23, 2002, four days after the trial court had filed its order dismissing the Haugenoes' entire complaint without prejudice, Dr. Bambrick's counsel wrote a letter to the trial court, pointing out that although the court had dismissed the Haugenoes' entire complaint, "the motion we brought on behalf of Dr. Bambrick was for dismissal of the Haugenoes' medical negligence claim, not the entire complaint. The motion was brought pursuant to N.D.C.C. § 28–01–46 which by its language does not apply to alleged failure to obtain informed consent." Unsure as to whether the Haugenoes still intended to pursue the informed consent claim, Dr. Bambrick's counsel sent a copy of this letter to the Haugenoes' counsel, inviting him to "clarify this matter for the court before a final judgment is entered." Counsel for Dr. Bambrick also enclosed a proposed order for judgment for the trial court to sign if "the court finds it appropriate to dismiss the entire complaint."

[¶ 16]  On September 16, 2002, the trial court sent another copy of the July 23, 2002, letter to the Haugenoes' counsel advising, "[i]f any clarification is needed please respond before judgment is entered." That same day, the Haugenoes filed their notice of appeal. The Haugenoes never responded to the July 23, 2002, letter from Dr. Bambrick's counsel or the September 16, 2002, letter from the trial court. On November 22, 2002, the trial court signed the order for judgment that had been drafted by Dr. Bambrick's counsel. Judgment was entered on December 2, 2002.

[¶ 17]  Dr. Bambrick filed a motion to dismiss the negligence claims against him based on the Haugenoes' failure to disclose an expert witness within three months of the commencement of the action. Dr. Bambrick never made a motion for summary

judgment on the issue of informed consent and admitted his motion to dismiss did not apply to the Haugenoes' claim of failure to obtain informed consent. Therefore, whether the Haugenoes' informed consent claim against Dr. Bambrick should be dismissed was never before the trial court on its merits. We do not condone the Haugenoes' attorney's failure to respond to the requests for clarification made by the trial court and opposing counsel. A simple response by the Haugenoes' attorney may have prevented an appeal on this issue. Nevertheless, we decline to hold that the trial court's letter asking if there needs to be a clarification of its order raised this issue on the merits. We have previously cautioned against such informal letter practice. *See Engh v. Engh*, 2003 ND 5, ¶ 2 n. 2, 655 N.W.2d 712.

[¶ 18]  By its very language, N.D.C.C. § 28–01–46 "does not apply to alleged lack of informed consent, ..." The trial court in this case clearly erred when it dismissed the Haugenoes' informed consent claim against Dr. Bambrick based on N.D.C.C. § 28–01–46. Therefore, we reverse the trial court's dismissal of the informed consent claim against Dr. Bambrick and remand for further proceedings consistent with our opinion.

[¶ 19]  GERALD W. VANDE WALLE, C.J., LAWRENCE A. LECLERC, D.J., WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.

[¶ 20] The Honorable LAWRENCE A. LECLERC, D.J., sitting in place of KAPSNER, J., disqualified.