Filed 3/1/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 63

James Vault & Precast Co., Donna Bline, 

Melvin Zent, Thomas Kuntz, Dave Olheiser, 

and Jerry Kram, Plaintiffs

v.

B&B Hot Oil Service, Inc., Steve Forster, 

Daniel Krebs, and Debra D. Krebs, Defendants

      ------------

Steve Forster, Daniel Krebs, and 

Debra D. Krebs, Crossclaim Plaintiffs and Appellants

v.

B&B Hot Oil Service, Inc. & JB’s Welding, Crossclaim Defendants and Appellees

and

St. Paul Surplus Lines Insurance Company, Crossclaim Defendant

      -----------

B&B Hot Oil Service, Inc., Counter-Crossclaim Plaintiff and Appellee

v.

Steve Forster, Daniel Krebs, and 

Debra D. Krebs, Counter-Crossclaim Defendants and

 Appellants

      ------------

Steve Forster, Daniel Krebs, and 

Debra D. Krebs, Plaintiffs

v.

St. Paul Surplus Lines Insurance Company, Defendant

      --------------

St. Paul Surplus Lines Insurance Company, Third-Party Plaintiff

v.

Acuity, a Mutual Insurance Company, Third-Party Defendant

No. 20170130

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

DISMISSED.

Opinion of the Court by Jensen, Justice.

Randall J. Bakke (argued) and Shawn A. Grinolds (on brief), Bismarck, ND, for appellants Steve Forster, Daniel Krebs, and Debra D. Krebs.

Nicholas C. Grant (argued), Randall N. Sickler (on brief), Allison R. Mann (on brief), Dickinson, ND, and Zachary E. Pelham (appeared), Bismarck, ND, for appellee B&B Hot Oil Service, Inc.

Lawrence E. King (argued) and Alyssa L. Lovas (appeared), Bismarck, ND, for appellee JB’s Welding.

James Vault & Precast Co., Donna Bline, Melvin Zent, Thomas Kuntz, Dave Olheiser and Jerry Kram, plaintiffs; no appearance.

St. Paul Surplus Lines Insurance Company, defendant and third-party plaintiff; no appearance.

Acuity, a Mutual Insurance Company, third-party defendant; no appearance.

James Vault & Precast Co. v. B&B Hot Oil Service, Inc.

No. 20170130

Jensen, Justice.

[¶1] Steve Forster, Daniel Krebs, and Debra Krebs (collectively “Forster/Krebs”) appeal from a judgment dismissing their claims against B&B Hot Oil Service, Inc., and JB’s Welding.  Forster/Krebs argue the district court erred in construing language in a lease agreement with B&B Hot Oil as a waiver of their claims against B&B Hot Oil for damages to their building and property and to preclude a subrogation claim by their insurer, Acuity, against B&B Hot Oil.  Forster/Krebs also argue the district court improperly granted summary judgment dismissing their claims against JB’s Welding for concerted action and a joint venture.  Because we conclude a stipulation to dismiss Forster/Krebs’ other remaining claims against JB’s Welding without prejudice does not make the judgment final for purposes of our appellate jurisdiction, we dismiss the appeal.

I

[¶2] B&B Hot Oil leased one-half of a building owned by Forster/Krebs and used the leased property to store two hot oil trucks.  An explosion in January 2010, destroyed the building and its contents and damaged surrounding property.  
See
 
Messer v. B&B Hot Oil Serv., Inc.
, 2015 ND 202, ¶¶ 1-3, 868 N.W.2d 373 (outlining general underlying factual background and reversing summary judgment dismissal of adjoining landowners’ negligence and strict products liability claims against JB’s Welding for property damage).  The alleged cause of the explosion was a propane leak from one of the hot oil trucks, which has been referred to by the parties as a “knock off” truck built through “reverse engineering” by B&B Hot Oil with assistance from JB’s Welding.  
Id.
 at ¶¶ 2-3.

[¶3] Several third parties sued Forster/Krebs and B&B Hot Oil in this action for damages.  Forster/Krebs cross-claimed against B&B Hot Oil and JB’s Welding for damages related to the destruction of Forster/Krebs’ building and the contents.  Forster/Krebs ultimately alleged claims against B&B Hot Oil for breach of contract, negligence, res ipsa loquitur, and strict products liability, and against JB’s Welding for negligence, strict products liability, and concerted action and a joint venture with B&B Hot Oil.

[¶4] The district court granted summary judgment dismissing all of Forster/Krebs’ cross-

claims against B&B Hot Oil, ruling that Forster/Krebs waived their right to recover damages to their property under the provisions of the lease agreement with B&B Hot Oil and that Forster/Krebs’ insurer, Acuity, was not entitled to subrogation from B&B Hot Oil.  The court denied Forster/Krebs’ motion to amend their pleadings against B&B Hot Oil.  The court also granted summary judgment dismissing Forster/Krebs’ claims against JB’s Welding for concerted action and a joint venture with B&B Hot Oil.

[¶5] As a result of the district court’s rulings, Forster/Krebs’ other remaining claims against JB’s Welding for negligence and strict products liability were scheduled for a jury trial on March 9, 2017.  On February 10, 2017, a stipulation for the voluntary dismissal without prejudice of Forster/Krebs’ remaining claims against JB’s Welding was filed in the district court.  In the filed stipulation, which was signed by counsel for Forster/Krebs and counsel for JB’s Welding, Forster/Krebs and JB’s Welding agreed the court shall enter an order dismissing Forster/Krebs’ claims against JB’s Welding without prejudice.  The court subsequently signed an order dismissing Forster/Krebs’ claims against JB’s Welding without prejudice and a judgment was entered dismissing those claims without prejudice.  The effect of that judgment disposed of all the claims in the lawsuit.

[¶6] Forster/Krebs appealed from the judgment, arguing the district court erred in: (1) dismissing their claims against B&B Hot Oil and their insurer’s subrogation claim against B&B Hot Oil; (2) denying their motion to amend their pleadings against B&B Hot Oil; and (3) dismissing with prejudice their claims against J&B’s Welding for concerted action and a joint venture.  Forster/Krebs’ appeal did not raise any issues arising from the stipulated dismissal without prejudice of their negligence and strict products liability claims against JB’s Welding.

[¶7] B&B Hot Oil moved to dismiss Forster/Krebs’ appeal and JB’s Welding filed a brief in support of that motion.  B&B Hot Oil and JB’s Welding contend this Court lacks appellate jurisdiction to hear this appeal, because the dismissal without prejudice of Forster/Krebs’ remaining claims against JB’s Welding circumvented N.D.R.Civ.P. 54(b) and created an artificial final judgment for purposes of appeal.  Forster/Krebs opposes the motion to dismiss, arguing their appeal is from a final judgment and this Court has jurisdiction to hear the appeal.  We stayed a decision on the motion to dismiss pending oral argument on the merits of the appeal.

II

[¶8] It is well established that the right to appeal in this State is governed by statute, and if there is no statutory basis to hear an appeal, we must dismiss the appeal.  
E.g.
, 
Sanderson v. Walsh Cnty.
, 2006 ND 83, ¶ 5, 712 N.W.2d 842.  Our appellate jurisdiction is governed by N.D.C.C. § 28-27-01, which provides, in relevant part, “[a] judgment or order in a civil action . . . in any of the district courts may be removed to the supreme court by appeal as provided in this chapter.”  We have previously held that “[o]nly those judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable.”  
In re A.B.
, 2005 ND 216, ¶ 5, 707 N.W.2d 75.  The right to appeal is jurisdictional and we will dismiss an appeal on our own motion if we conclude we do not have jurisdiction.  
Id.

[¶9] We will not consider an appeal in a multi-claim or multi-party lawsuit which disposes of fewer than all the claims against all the parties unless the district court has first independently assessed the case and determined that a certification under N.D.R.Civ.P. 54(b) is appropriate.  
Capps v. Weflen
, 2013 ND 16, ¶ 6, 826 N.W.2d 605; 
Brown v. Will
, 388 N.W.2d 869 (N.D. 1986).  Rule 54(b), N.D.R.Civ.P., authorizes a district court to direct entry of a final judgment adjudicating fewer than all the claims, or the rights and liabilities of fewer than all of the parties, upon expressly determining there is no just reason for delay.  “Rule 54(b), N.D.R.Civ.P., preserves [our] long[-]standing policy against piecemeal appeals.”  
Pifer v. McDermot
, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quoting 
Citizens State Bank-Midwest v. Symington
, 2010 ND 56, ¶ 7, 780 N.W.2d 676).  “Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied.”  
Union State Bank v. Woell
, 357 N.W.2d 234, 237 (N.D. 1984).  A district court must weigh the competing equities involved and must consider judicial administrative interests in making its determination whether to certify under Rule 54(b).  
Woell
, at 237.  Certification under Rule 54(b) “should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship.”  
Symington
, at ¶ 9.

[¶10] “Generally, an order dismissing a complaint without prejudice is not appealable.”  
Sanderson
, 2006 ND 83, ¶ 5, 712 N.W.2d 842.  A dismissal without prejudice may be final and appealable, however, if the dismissal has the practical effect of terminating the litigation in the plaintiff’s chosen forum.  
Haugenoe v. Bambrick
, 2003 ND 92, ¶ 2, 663 N.W.2d 175.  We have held that where a statute of limitations has run, the dismissal of an action without prejudice “effectively forecloses litigation in the courts of this state.”  
Id.
  A dismissal without prejudice is therefore appealable where a statute of limitations has run.  
See Sanderson
, at ¶ 6; 
Beaudoin v. South Tex. Blood & Tissue Ctr.
, 2004 ND 49, ¶ 7, 676 N.W.2d 103; 
Haugenoe
, at ¶ 2; 
Van Klootwyk v. Baptist Home, Inc.
, 2003 ND 112, ¶ 7, 665 N.W.2d 679; 
Jaskoviak v. Gruver
, 2002 ND 1, ¶ 8, 638 N.W.2d 1.

[¶11] We have not previously considered the extent of our jurisdiction in situations where parties have voluntarily dismissed remaining claims without prejudice to effectuate a final disposition of all the claims in a multi-claim or multi-party lawsuit to circumvent N.D.R.Civ.P. 54(b) and create a final judgment for purposes of appellate jurisdiction.  Rule 54(b), N.D.R.Civ.P., is derived from the corresponding federal rule, and we may look to interpretative federal case law for guidance in construing our rules for finality.  
See Woell
, 357 N.W.2d at 236-37.  Although federal case law is not directly binding on this Court, several federal circuit courts have considered the issue of the voluntary dismissal of some claims without prejudice to circumvent F.R.Civ.P. 54(b) and create finality for purposes of appellate jurisdiction.

[¶12] In multi-claim or multi-party lawsuits, federal courts have recognized different approaches for addressing appellate jurisdiction in circumstances where there is a dismissal without prejudice of remaining unresolved claims to effectuate a final disposition of the lawsuit.  
See
 
Robinson-Reeder v. Am. Council on Educ.
, 571 F.3d 1333, 1338-39 (D.C. Cir. 2009) (collecting cases); 
Doe v. United States
, 513 F.3d 1348, 1352-53 (Fed. Cir. 2008) (same); 
James v. Price Stern Sloan, Inc.
, 283 F.3d 1064, 1066-70 (9th Cir. 2002) (same); 
JTC Petroleum Co. v. Piasa Motor Fuels, Inc.
, 190 F.3d 775, 776-77 (7th Cir. 1999) (same).  
See also
 8 James Wm. Moore et al., 
Moore’s Federal Practice
 § 41.34[7][b] (3d Ed. 2017) (stating parties may not rely on stipulated voluntary dismissal without prejudice to manufacture finality for purposes of immediate appellate review of other non-final decisions); 10 James Wm. Moore et al., 
Moore’s Federal Practice
, § 54.25[3] (3d Ed. 2017) (stating nonappealable decision in multi-claim or multi-party action may become appealable if remaining pending claims are dismissed or otherwise disposed of).

[¶13] Under one approach, some appellate courts have adopted a bright-line rule and refused to exercise appellate jurisdiction any time the parties have dismissed unresolved claims without prejudice for purposes of procuring a final disposition of all the claims in a lawsuit. 
See, e.g.
, 
Rabbi Jacob Joseph Sch. v. Province of Mendoza
, 425 F.3d 207, 210 (2d Cir. 2005); 
Marshall v. Kansas City S. Ry. Co.
, 378 F.3d 495, 499-500 (5th Cir. 2004);
 West v. Macht
, 197 F.3d 1185, 1189 (7th Cir. 1999); 
State Treasurer v. Barry
, 168 F.3d 8, 11-16 (11th Cir. 1999).

[¶14] The bright-line approach is the approach that is most consistent with this Court’s finality jurisprudence and this Court’s aversion to piecemeal appeals under our application of N.D.R.Civ.P. 54(b).  We adopt the bright-line approach to review appeals where remaining claims are dismissed without prejudice.  Under this approach, if there is a dismissal without prejudice of remaining non-adjudicated claims to create a final disposition of all claims in a lawsuit, there is not a final judgment of the rights of the parties. “Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable.”  
State v. N. D. Ins. Reserve Fund
, 2012 ND 216, ¶ 4, 822 N.W.2d 38.  Under N.D.R.Civ.P. 54(b), to be considered final, a judgment must dispose of all claims or the district court must direct entry of a final partial judgment after properly and expressly determining “there is no just reason for delay.” N.D.R.Civ.P. 54(b).

[¶15] Here, the stipulation filed in the district court said “Forster/Krebs and JB’s Welding hereby agree that the Court shall enter its order dismissing Forster/Krebs’ claims against JB’s Welding in this matter without prejudice and without further costs to either party.  The Court may enter its Order for Dismissal without Prejudice without further notice to either party.”  The court subsequently dismissed the remaining claims without prejudice consistent with the parties’ stipulation. The stipulation to dismiss without prejudice Forster/Krebs’ remaining unadjudicated claims against JB’s Welding purports to toll the statute of limitations for those claims pending appeal and does not have the effect of terminating those claims.  
See
 
Sanderson
, 2006 ND 83, ¶ 6, 712 N.W.2d 842.  Under these circumstances, the dismissal without prejudice does not dispose of all of the claims and is not final. Additionally, the district court did not direct the entry of a final partial judgment with an express determination that there is no just reason to delay an appeal as required by N.D.R.Civ.P. 54(b).  Lacking a final judgment or proper N.D.R.Civ.P. 54(b) certification, there is no right to appeal.

[¶16] Although parties may stipulate to a dismissal of remaining unadjudicated claims without prejudice under N.D.R.Civ.P. 41(a), the parties nevertheless may not use that procedure to circumvent the requirements of N.D.R.Civ.P. 54(b) and manufacture finality for purposes of appellate jurisdiction.  
See
 8 
Moore’s Federal Practice
, at § 41.34[7][b] (recognizing voluntary dismissal without prejudice may not be used to manufacture finality for purposes of appellate jurisdiction).  The application of a bright-line test is consistent with N.D.R.Civ.P. 54(b) and our finality jurisprudence for appellate jurisdiction.

III

[¶17] We conclude the judgment is not final for purposes of our appellate jurisdiction, and we dismiss the appeal.

[¶18] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

Lee A. Christofferson, S.J.

[¶19] The Honorable Lee A. Christofferson, S.J., sitting in place of Tufte, J., disqualified.