707 N.W.2d 75 (2005)
2005 ND 216
In the Interest of A.B. and M.B., Children.
Tamera Ressler, L.S.W., Petitioner and Appellant
v.
C.B. and R.F., T.S., A.B., M.B. and Jan Gabriel, Lay Guardian ad Litem, Respondents
White Earth Band of Chippewa Indians, Intervenor and Appellee.
No. 20050223.
Supreme Court of North Dakota.
December 20, 2005.
Rehearing Denied January 31, 2006.
*76 Susan Lynne Bailey, Assistant State's Attorney, Fargo, ND, for petitioner and appellant.
Zenas Baer, Zenas Baer & Associates, Hawley, MN, for intervenor and appellee.
KAPSNER, Justice.
[¶ 1] Tamera Ressler has appealed from a juvenile court order granting the motion of the White Earth Band of Chippewa Indians ("Tribe") to intervene in a child deprivation case. We conclude the order granting the motion to intervene is not a final, appealable order, and we dismiss for lack of jurisdiction.

I
[¶ 2] C.B. is the mother of two minor children, A.B. and M.B. In March, 2005, C.B. was incarcerated and her mother, who had been caring for the children, could no longer properly care for them. The separate fathers of the children had been deported to Mexico. The children were taken into protective custody by Cass County Social Services ("CCSS") and a petition alleging the children were deprived was filed by Ressler on behalf of CCSS.
[¶ 3] Because C.B. is an enrolled member of the Tribe, notice of the petition was given to the Tribe in accordance with the Indian Child Welfare Act ("ICWA"). The Tribe moved to intervene, alleging A.B. and M.B. are "Indian children" covered under ICWA. The Tribe provided documentation indicating that C.B. was an enrolled member of the Tribe and that the *77 Tribe had determined A.B. and M.B. were eligible for membership in the Tribe for purposes of ICWA.
[¶ 4] The juvenile referee granted the Tribe's motion to intervene. Ressler requested review by the juvenile court, which found that A.B. and M.B. were "Indian children" under 25 U.S.C. § 1903(4)(b), which defines "Indian child," in part, as an "unmarried person who is under age eighteen and . . . is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." The court therefore concluded ICWA applied and granted the Tribe's motion to intervene. Ressler appealed from the order granting the Tribe's motion to intervene. On appeal Ressler challenges the Tribe's right to intervene because Ressler asserts A.B. and M.B. were not eligible for membership in the Tribe.

II
[¶ 5] Before we consider the merits of an appeal, we must have jurisdiction. Dietz v. Kautzman, 2004 ND 164, ¶ 6, 686 N.W.2d 110; Henry v. Securities Comm'r, 2003 ND 62, ¶ 5, 659 N.W.2d 869. The right to appeal is a jurisdictional matter which this Court will consider sua sponte. Frontier Enters., LLP v. DW Enters., LLP, 2004 ND 131, ¶ 3, 682 N.W.2d 746. Even if the parties do not question appealability, we must dismiss on our own motion if we conclude that we do not have jurisdiction. Id.; Henry, at ¶ 5. Only those judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable. Mann v. ND Tax Comm'r, 2005 ND 36, ¶ 8, 692 N.W.2d 490; Frontier, at ¶ 3. The right of appeal in this state is governed solely by statute, and if there is no statutory basis to hear an appeal we must take notice of the lack of jurisdiction and dismiss the appeal. Mann, at ¶ 7.
[¶ 6] This Court has noted that "[a]n order granting leave to intervene is not final and is not appealable as of right." Wyatt v. R.D. Werner Co., Inc., 524 N.W.2d 579, 580 (N.D.1994) (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1923 (1986)); see also Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 374-79, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987); Trent v. Dial Medical of Florida, Inc., 33 F.3d 217, 225 (3d Cir. 1994); Securities and Exc. Comm'n v. Chestman, 861 F.2d 49, 50 (2d Cir.1988); In re Lytton's, 832 F.2d 395, 398 (7th Cir.1987); Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 550 (1st Cir.1982); Shore v. Parklane Hosiery Co., Inc., 606 F.2d 354, 356 (2d Cir.1979); Corning Bank v. Delta Rice Mills, Inc., 281 Ark. 342, 663 S.W.2d 737, 738 (1984); Rocque v. Sound Mfg., Inc., 76 Conn.App. 130, 818 A.2d 884, 887-89 (2003); Brookshire v. Retz, 111 S.W.3d 920, 923 (Mo.Ct. App.2003); Whitefish Credit Union Ass'n, Inc. v. Glacier Wilderness Ranch, Inc., 242 Mont. 471, 791 P.2d 1363, 1365 (1990); Duncan v. Government Employees Ins. Co., 331 S.C. 484, 449 S.E.2d 580 (1994); E.H. Schopler, Annotation, Appealability of Order Granting or Denying Right of Intervention, 15 A.L.R.2d 336, § 12 (1951). The rationale underlying the rule is that a grant of intervention merely allows the action to proceed and does not finally determine the rights or claims of any party, and all parties retain the right to appeal upon entry of a final judgment or order. See, e.g., Kartell, at 550; Shore, at 356; Brookshire, at 923. Ressler will have the opportunity to challenge the juvenile court's decision allowing intervention upon a proper appeal from a final judgment or order.
*78 [¶ 7] We conclude the order granting the Tribe's motion to intervene is not a final, appealable order, and we do not have jurisdiction. We therefore dismiss the appeal.
[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.