2006 ND 102

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Ralph GRAGER, Defendant and Appellee.**

**State of North Dakota, Plaintiff and Appellant**

v.

**Linda L. Burgard, Defendant and Appellee.**

Nos. 20050280, 20050281, 20050282, 20050283, 20050284, 20050285, 20050286, 20050287, 20050288, 20050289, 20050290, 20050291, 20050292.

Supreme Court of North Dakota.

May 11, 2006.

Rehearing Denied June 1, 2006.

Kathleen K. Trosen, State's Attorney, Fessenden, N.D., for plaintiff and appellant.

Dennis D. Fisher, Bredahl, Frisk & Grande, Fargo, N.D., for defendant and appellee Ralph Grager.

Mark A. Beauchene, Wold Johnson, P.C., Fargo, N.D., for defendant and appellee Linda L. Burgard.

SANDSTROM, Justice.

[¶ 1] The State appeals from a district court order granting the defendants' mo-

tions to suppress and from the orders dismissing the prosecutions. We do not reach the merits of the State's argument because we conclude the State has no right to appeal the orders to dismiss, and the issues involving the suppression order are now moot. We therefore dismiss the appeals.

I

[¶ 2] On April 23, 2004, a search warrant was issued and executed at the residence of Linda Burgard and Ralph Grager. The search resulted in the seizure of drugs and methamphetamine manufacturing equipment. Burgard and Grager were charged with manufacture of methamphetamine, possession of drug paraphernalia, and possession of a controlled substance.

[¶ 3] Grager and Burgard filed motions to suppress, arguing there was insufficient probable cause to justify issuing the search warrant. On July 20, 2005, the district court issued an order granting the motions and suppressing all evidence seized as a result of the search. On August 12, 2005, the State moved to dismiss the cases, stating it had insufficient evidence to prosecute the cases after the evidence seized during the search was suppressed. On August 17, 2005, the district court granted the State's motions and dismissed the prosecutions without prejudice. On August 18, 2005, the State appealed both the order suppressing the evidence and the orders dismissing the prosecutions.

II

■ [¶ 4] Before we can consider the merits of the State's appeals, we must consider whether this Court has jurisdiction to hear the appeals. *Nodak Mut. Ins. Co. v. Stegman*, 2002 ND 113, ¶ 6, 647 N.W.2d 133. Although jurisdiction was not raised by the parties, we must dismiss an appeal upon our own motion if we con-

clude that we do not have jurisdiction. *Interest of A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75. The right to appeal "is governed solely by statute, and if there is no statutory basis to hear an appeal we must take notice of the lack of jurisdiction and dismiss the appeal." *Id.*

[¶ 5] In criminal prosecutions, N.D.C.C. § 29–28–07 authorizes appeals by the State from:

1. An order quashing an information or indictment or any count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. An order made after judgment affecting any substantial right of the state.

5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

■ [¶ 6] The State argues it may appeal the orders to dismiss under N.D.C.C. § 29–28–07(1). This Court has said the State may appeal an order to dismiss under N.D.C.C. § 29–28–07(1) because the dismissal has the same effect as an order to quash and in both cases the order vacates, annuls, or makes void the indictment, information, or complaint. *State v. Howe*, 247 N.W.2d 647, 652 (N.D.1976). In this Court's cases involving the appealability of dismissal orders, the district court has ordinarily ordered dismissal on its own motion or at the request of the defendant. *See, e.g., City of Jamestown v. Snellman*, 1998 ND 200, ¶ 5, 586 N.W.2d 494; *State v. Hogie*, 424 N.W.2d 630, 631 (N.D.1988);

*State v. Jelliff*, 251 N.W.2d 1, 4 (N.D.1977). Here the State sought the orders for dismissal. An order to dismiss without prejudice entered at the request of the State is different from an order to dismiss entered on the court's own volition or at the request of the defendant, because the State is actually withdrawing the case as opposed to the court's rendering a decision on its own motion or at the request of the defendant, either of which would vacate, annul, or void the prosecution. The order to dismiss at the request of the State does not have the same effect as an order to quash.

[¶ 7] "It is 'a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.'" *United States v. Ross*, 131 F.3d 970, 988 (11th Cir.1997) (quoting *Crockett v. Uniroyal, Inc.*, 772 F.2d 1524, 1530 n. 4 (11th Cir. 1985)). Our judicial maxims, which aid in the application of the law, support this position: "[a]cquiescence in error takes away the right of objecting to it." N.D.C.C. § 31–11–05(7). Our caselaw recognizes, " '[i]t is "fundamental that where [a litigant] 'opened the door' and 'invited error' there can be no reversible error." ' " *Wagner v. Miskin*, 2003 ND 69, ¶ 16, 660 N.W.2d 593 (quoting *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 269 (8th Cir.1993)).

[¶ 8] In this case, the State moved to dismiss the cases without prejudice, stating, "the State lacks sufficient evidence to prosecute the cases due to the Order granting the Motion to suppress the search warrant and suppressing the evidence seized as a result of the search warrant." The State cannot complain on appeal about the district court's orders dismissing the cases when the State requested the dismissals.

[¶ 9] We conclude N.D.C.C. § 29–28–07(1) does not apply and the State may not appeal the orders. Because the State

sought dismissal of these prosecutions, we conclude N.D.C.C. § 29–28–07(1) does not authorize the State's appeals from the orders dismissing the prosecutions.

### III

[¶ 10] Generally, the State can appeal an order suppressing evidence if the appeal is not taken for purpose of delay and the evidence suppressed is substantial proof of a fact material in the proceeding. N.D.C.C. § 29–28–07(5).

[¶ 11] In this case, however, the issues involving the suppression order are now moot because the State requested the district court dismiss the cases and it cannot appeal those dismissals. When it becomes impossible for the Court to issue relief, no controversy exists and the issue is moot. *In re W.O.*, 2004 ND 8, ¶ 10, 673 N.W.2d 264. We do not render advisory opinions and will dismiss an appeal if the issue becomes moot. *Id.* If this Court were to decide the merits of the suppression argument, our decision would be purely advisory because the cases were withdrawn and the controversy no longer exists. We conclude the suppression issue is moot because the cases have been dismissed and the State cannot appeal the dismissals.

### IV

[¶ 12] We conclude the State has no right to appeal the orders to dismiss, and the State's appeal of the suppression order was rendered moot by the State's request to dismiss the cases. We therefore dismiss the appeals.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.