*2006 ND 140*

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Brett M. EHLI, Defendant and Appellee.**

**Nos. 20060041, 20060042.**

Supreme Court of North Dakota.

June 29, 2006.

Allen M. Koppy, State's Attorney, Mandan, N.D., for plaintiff and appellant; submitted on briefs.

Jodi L. Colling, Dickson Law Office, Bismarck, N.D., for defendant and appellee; submitted on briefs.

MARING, Justice.

[¶ 1] The State appeals from the trial court's memorandum opinion and order granting Brett Michael Ehli's motion to suppress. The State's appeal is moot. A subsequent order to dismiss, made by the State, was granted by the trial court. We therefore dismiss the appeal.

I

[¶ 2] On September 16–17, 2005, the North Dakota State Highway Patrol conducted a sobriety checkpoint in Morton County. The checkpoint was conducted from 10 p.m. until 2 a.m. and was set-up on the Bismarck Expressway, just before the Memorial Highway exit. At approximately 12:10 a.m. on September 17, 2005, Ehli entered the checkpoint, was stopped, and arrested for driving under the influence. Ehli was searched incident to the arrest and marijuana and marijuana paraphernalia was found in Ehli's pant pocket.

[¶ 3] Ehli entered pleas of not guilty to charges of driving while under the influence, possession of drug paraphernalia, and possession of marijuana. Ehli also moved to suppress evidence, arguing that the checkpoint violated the Fourth Amendment because a motorist approaching the checkpoint had no way to avoid it. The trial court granted Ehli's motion to suppress in a January 17, 2006, order.

[¶ 4] On January 18, 2006, the State moved to dismiss, citing the trial court's order suppressing evidence. The State's motion was granted on January 20, 2006. On February 7, 2006, the State filed its notice of appeal.

II

[¶ 5] Our decision in *State v. Grager*, 2006 ND 102, 713 N.W.2d 531, controls this case. In *Grager*, the State appealed a trial court's order suppressing evidence and dismissing the prosecution against Grager. *Id.* at ¶ 3. We held that the State's issues involving the suppression order were moot "because the State requested the district court dismiss the cases and it cannot appeal those dismissals." *Id.* at ¶ 11. We stated:

When it becomes impossible for the Court to issue relief, no controversy exists and the issue is moot. We do not render advisory opinions and will dismiss an appeal if the issue becomes moot. If this Court were to decide the merits of the suppression argument, our

decision would be purely advisory because the cases were withdrawn and the controversy no longer exists.

*Id.* (citation omitted). Section 29–28–07(5), N.D.C.C., authorizes appeals by the State from an order granting the suppression of evidence. Here, there is no evidence that the trial court was insisting, after it granted the suppression motion, that the cases proceed or be dismissed. The trial court dismissed the cases on the motion of the State.

### III

[¶ 6]   The appeal of the suppression order was rendered moot by the dismissal of the cases. We, therefore, dismiss the appeal.

[¶ 7] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.