Filed 11/7/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 224

Roland C. Riemers, Plaintiff and Appellant

v.

City of Grand Forks, Respondent and Appellee

No. 20060057

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Joel D. Medd, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Roland C. Riemers (argued), pro se, 108 Cairns Ave., Emerado, ND 58228, plaintiff and appellant.

Sarah S. Barron (argued), and Ronald F. Fischer (on brief), Pearson Christensen & Clapp, PLLP, 24 N. 4th St., P.O. Box 5758, Grand Forks, ND 58206-

5758, for respondent and appellee.

Riemers v. City of Grand Forks

No. 20060057

Kapsner, Justice.

[¶1] Roland Riemers appeals from the findings of fact, conclusions of law, and order for judgment
(footnote: 0) that awarded the City of Grand Forks (“the City”) summary judgment on his request for open records.  We affirm.

I

[¶2] On April 4, 2005, Riemers requested access to evidence logs and other information relating to an officer-involved shooting from the Grand Forks Police Department (“GFPD”).  The GFPD refused access, telling Riemers that the information could not be released until the shooting victim’s trial ended.  Riemers then requested access to the information in writing.  The GFPD’s response included copies of media releases and the cover sheet of the police report, but it did not contain all of the records Riemers requested.  It informed Riemers that the GFPD did not have the majority of the information.  The response did, however, refer Riemers to other agencies in possession of the records.  Finally, it stated that the GFPD considered the evidence logs a part of an “active criminal investigation” and, as such, the GFPD considered the logs exempt from disclosure under the open records law.

[¶3] On April 5, Riemers requested an Attorney General’s opinion, claiming the GFPD violated the open records law.  The Attorney General found the GFPD properly referred Riemers to another agency, the evidence logs were exempt from disclosure, the GFPD properly refused to disclose the logs, and the requested information was part of an “active criminal investigation” because the shooting victim’s prosecution was incomplete.  N.D. Att’y Gen. 2005-O-13 (Aug. 10, 2005). 

[¶4] On June 6, Riemers filed a complaint in district court, challenging the GFPD’s open records policy.  At the scheduling conference, the court determined no discovery would be required after Riemers indicated that factual discovery was “not applicable.”  Based on these facts, the City, representing the GFPD, filed a motion for summary judgment.

[¶5] The court held a hearing on September 27, 2005 to consider the City’s summary judgment motion.  Riemers did not appear at the hearing.  At the hearing’s conclusion, the court granted summary judgment in favor of the City.  Riemers, upon learning of the judgment, filed a motion for reconsideration, claiming he did not receive notice of the hearing.  The court granted his motion for reconsideration and scheduled another hearing on December 19, 2005.  Prior to the December 19 hearing, Riemers filed a response to the City’s summary judgment motion and a motion to extend the time to complete discovery.  Again, however, Riemers failed to appear at the hearing, asserting a family death prevented his appearance.  After hearing the City’s arguments, reviewing the pleadings, and considering the Attorney General’s opinion, the district court denied Riemers’ motion to extend the time for discovery and entered summary judgment in favor of the City, dismissing Riemers’ complaint with prejudice.

II

[¶6] On appeal, Riemers argues the district court erred by dismissing the complaint against the City based on the persuasiveness of the Attorney General’s opinion instead of the court’s independent analysis; in concluding the City did not have to provide access to the requested documents that were not in its possession at the time of the request; and in considering the entire evidence file as part of an ongoing investigation.  The City argues summary judgment was appropriate; the district court did not improperly shift its authority to the Attorney General; the GFPD did not violate the open records law when it referred Riemers to another agency; and the evidence logs were exempt from disclosure under the open records law at the time of Riemers’ request.  We address each of those issues below.

A

[¶7] Whether summary judgment was properly granted is “a question of law which we review de novo on the entire record.”  
Wahl v. Country Mut. Ins. Co.
, 2002 ND 42, ¶ 6, 640 N.W.2d 689.  We have stated:

Summary judgment is a procedural device for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law and no dispute exists as to either the material facts or the reasonable inferences to be drawn from undisputed facts, or resolving the factual disputes will not alter the result. . . .  Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of their claim and on which they will bear the burden of proof at trial.

Hilton v. N.D. Educ. Ass’n
, 2002 ND 209, ¶ 23, 655 N.W.2d 60 (citations omitted). The evidence is reviewed in a light most favorable to the non-moving party.  
Trinity Health v. North Cent. Emergency Servs.
, 2003 ND 86, ¶ 15, 662 N.W.2d 280.  The non-moving party also receives the benefit of all inferences that can reasonably be drawn from the evidence.  
Id.
  The moving party has the initial burden of showing there is no genuine issue of material fact.  
Iglehart v. Iglehart
, 2003 ND 154, ¶ 10, 670 N.W.2d 343 (quoting 
Anderson v. Meyer Broad. Co.
, 2001 ND 125, ¶ 14, 630 N.W.2d 46).  However, the non-moving party cannot simply rely upon the pleadings or unsupported, conclusory allegations.  
Id.
  That party must present competent, admissible evidence raising an issue of material fact.  
Id.
  The court has no duty to scour the record for evidence that would preclude summary judgment.  
Id.
  Moreover, “[a] scintilla of evidence is not sufficient to support a claim, there must be enough evidence for a reasonable jury to find for the plaintiff.”  
Id.
 (citing 
Wishnatsky v. Huey
, 1998 ND App 8, ¶ 5, 584 N.W.2d 859).

[¶8] Riemers’ briefs and motions are a near verbatim recitation of the City’s statement of the facts.  Riemers merely relied upon his pleadings and unsupported, conclusory allegations and he has not presented competent, admissible evidence raising an issue of material fact.  We have repeatedly held that to avoid summary judgment, a party must do more.  
Iglehart
, 2003 ND 154, ¶ 10, 670 N.W.2d 343.  “When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists.”  
Kummer v. City of Fargo
, 516 N.W.2d 294, 297 (N.D. 1994).  Since no issue of material fact has been raised, Riemers’ issues on appeal concern the interpretation of N.D.C.C. ch. 44-04 and its application to undisputed facts.  The district court did not err in entering summary judgment.

B

[¶9] Riemers argues the district court improperly relied on an Attorney General’s opinion instead of offering its own analysis.   He claims this “delegation of judicial authority” denied him due process under the North Dakota Constitution.  Alleged violations of constitutional rights are reviewed de novo.  
See
 
Riemers v. Grand Forks Herald
, 2004 ND 192, ¶ 11, 688 N.W.2d 167.  We have also said:  “‘a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit.’”  
Id.
  (quoting 
Riemers v. O’Halloran
, 2004 ND 79, ¶ 6, 678 N.W.2d 547).  In other words, “[a] party asserting a constitutional claim such as this must make a strong case supported by both fact and law or ‘forgo the claim.’”  
Id.
 (quoting 
O’Halloran
, 2004 ND 79, ¶ 6, 678 N.W.2d 547).

[¶10] In asserting his due process claim, Riemers fails to provide any supporting reasoning or citations to legal authorities.  He merely relies upon his bare assertions that the district court violated his due process rights.  Without support, Riemers’ contentions are without merit.  
Id.

[¶11] Riemers argues the court erred by relying on the persuasive authority of an Attorney General’s opinion.    An Attorney General’s opinion is not binding authority upon the courts; however, “opinions of the Attorney General are entitled to respect, and courts should follow them if they are persuasive.”  
Edinger v. Governing Auth. of Stutsman County Corr. Ctr. & Law Enf. Ctr.
, 2005 ND 79, ¶ 13, 695 N.W.2d 447.

[¶12] In the instant appeal, the district court made a specific finding that the Attorney General’s opinion was “highly persuasive.”  It was entitled to do so.  
Id.
  Additionally, the court did not rely solely upon the Attorney General’s opinion.  The court indicated it made its decision after “having considered the brief filed by the City in support of it[s] motion and the argument of the City’s counsel, Riemers’ written Response, and the Open Records and Meetings Opinion, 2005-O-13, issued by the Attorney General on August 10, 2005, and being fully advised in the matter. . . .”  The Attorney General’s opinion was consistent with the court’s independent reasonable interpretation of the law.  
N.D. Fair Housing Council, Inc. v. Peterson
, 2001 ND 81, ¶ 16, 625 N.W.2d 551 (citing 
N.D. Fair Housing Council, Inc. v. Haider
, No. CIV A1-98-077, 1999 WL 33283355, *4 (D.N.D. 1999) (unreported)) (finding an Attorney General’s opinion “highly persuasive” because it was “consistent with an independent analysis of the question presented”).  The court did not err in considering the Attorney General’s opinion in addition to its consistent independent analysis.  
Peterson
, at ¶ 16.

C

[¶13] Riemers argues the district court erred in ruling the City was not required to disclose records that were not in the City’s custody at the time of his request.  Riemers requested the evidence logs and copies of the shooting victim’s warrants from the GFPD, which is a “public entity” for open records law purposes.  N.D.C.C. § 44-04-17.1(12).  Generally, a public entity is required to disclose all non-

confidential records in its possession.  N.D.C.C. § 44-04-18(1).  However, a public entity is not required to disclose a record that is not in its possession or custody.  N.D.C.C. § 44-04-18(4) (2005);
(footnote: 2) N.D. Att’y Gen. 2005-O-13, at 3 (stating that a public entity need not disclose a record that is not in its possession); N.D. Att’y Gen. 2003-O-01, at 3 (Jan. 30, 2003) (same).

[¶14] The GFPD informed Riemers that it did not possess the records he requested and it referred him to other agencies for the information.  Riemers, however, argues the GFPD "does not say it doesn't have this information in their possession, only that other agencies are the primary source of this information.” (emphasis omitted).  In other words, Riemers claims the GFPD may have had copies of discoverable information in its possession at the time of the request.  This issue, however, is not properly before us because it is raised for the first time on appeal.  
Berlin v. State
, 2000 ND 13, ¶¶ 19-20, 604 N.W.2d 437 (citing 
State v. Keller
, 550 N.W.2d 411, 412 (N.D. 1996) and 
Morstad v. State
, 518 N.W.2d 191, 194 (N.D. 1994)).  Accordingly, we decline to address this issue.

D

[¶15] Finally, Riemers argues the district court erred in determining the documents he requested, namely the evidence logs from the shooting victim’s prosecution, were materials exempt from disclosure under the open records law.  Riemers specifically asked the Attorney General to address this issue.  N.D. Att’y Gen. 2005-O-13, at 2.  The Attorney General determined the GFPD did not violate North Dakota’s open records law.  
Id.
 at 5.  We agree.

[¶16] Generally, all records of a public entity are public records, open and accessible for inspection.  N.D. Const. art. XI, § 6; N.D.C.C. § 44-04-18(1).  There are, however, several exemptions to the general open records provisions when it concerns law enforcement records.  
See, e.g.
, N.D.C.C. § 44-04-18.7 (exempting criminal intelligence and investigative information from disclosure under the open records law).  This policy balances the public’s right to know with law enforcement’s need to protect the public’s health and welfare.  N.D. Att’y Gen. 2005-O-13, at 3.  The exempted “criminal investigative information” includes: 

information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission. . . .  Criminal investigative information must be considered “active” as long as it is related to an ongoing investigation that is continuing with a reasonable good faith anticipation of securing an arrest or prosecution in the foreseeable future.

N.D.C.C. § 44-04-18.7(3). 

[¶17] Here, the Attorney General determined the evidence logs were “compiled” by the GFPD and the logs were part of  an “active” investigation because the shooting victim’s prosecution had not been completed at the time of Riemers’ request.  N.D. Att’y Gen. 2005-O-13, at 4.  The Attorney General also determined that an active prosecution necessarily includes an ongoing prosecution because a determination of guilt or innocence has not been made.  
See
 
id.
 at 5.  As such, the Attorney General determined the records were, at the time of Riemers’ request, exempt from disclosure.  
Id.
 at 4-5. 

[¶18] The Attorney General correctly noted, however, that the “criminal investigative information” exemption is temporary in nature.  
Id.
  “Once the investigation is no longer active, the information must be disclosed unless disclosure is restricted under another statute.”  
Id.
 (citing N.D. Att’y Gen. 98-F-09 (April 9, 1998)).  Once the shooting victim’s prosecution was completed, Riemers had access to the files and evidence logs he requested.  
Id.
  The district court agreed with the Attorney General’s conclusions, also finding that the GFPD properly exempted the evidence logs under N.D.C.C. ch. 44-04.  The investigation was “active” under N.D.C.C. § 44-04-18.7(3) because the prosecution of the shooting victim was not complete at the time of Riemers’ request.

IV

[¶19] The district court did not err in granting summary judgment in favor of the City on Riemers’ open records request, by relying upon the Attorney General’s opinion, or by holding the requested evidence logs were exempt from disclosure under N.D.C.C. § 44-04-18.7 at the time of Riemers’ request.  Therefore, we affirm the district court.

[¶20] Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:
カァ    
A district court’s findings of fact, conclusions of law, and order for judgment is generally unappealable.  
See, e.g.
, 
Haugenoe v. Bambrick
, 2003 ND 92, ¶ 1 n.1, 663 N.W.2d 175.  However, “an attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists.”  
Id.
 (quoting 
Koehler v. County of Grand Forks
, 2003 ND 44, ¶ 6 n.1, 658 N.W.2d 741).  In the instant appeal, there is a subsequently entered consistent judgment, dated January 4, 2006.  Therefore, we will treat Riemers’ appeal as one from that judgment.

2:    
Prior to May 4, 2005, this statutory language was contained in N.D.C.C. § 44-04-

18(3).  
See
 2005 N.D. Sess. Laws ch. 377, § 4.