2008 ND 153

**CITY OF GRAND FORKS,**
**Plaintiff and Appellee**

v.

**Roland C. RIEMERS, Defendant**
**and Appellant.**

**No. 20070379.**

Supreme Court of North Dakota.

Aug. 28, 2008.

Kristen Sue Pettit, City Prosecutor, Grand Forks, ND, for plaintiff and appellee.

Roland C. Riemers, Emerado, ND, pro se, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Roland Riemers appealed from a district court order finding him guilty of speeding in violation of a municipal ordinance. We conclude we do not have jurisdiction, and we dismiss the appeal.

## I

[¶ 2]   On July 6, 2007, Riemers received a traffic citation charging him with traveling 50 miles per hour in a 40-mile-per-hour zone, in violation of a Grand Forks municipal ordinance.  Riemers filed with the municipal court a written response to the citation, in which he (1) objected to posting bond, (2) requested a written complaint, (3) requested a delay of the initial hearing, (4) demanded a jury trial, and (5) objected to "improper service and procedures." Riemers did not, however, seek a transfer of the matter to district court in accordance with N.D.C.C. § 40–18–15.1.   The municipal court issued a written order denying Riemers' demand for a jury trial. The matter was tried to the municipal court on August 30, 2007, and the court found Riemers guilty and imposed a fine of $51 and a $15 hearing fee.

[¶ 3]   On August 31, 2007, Riemers filed a written notice of appeal seeking trial de novo in the district court and requesting a jury trial.  The district court denied Riemers' request for a jury trial, and the matter was tried to the court on October 18, 2007. The court found Riemers had violated the municipal ordinance and imposed a $51 fine and a $15 hearing fee.  Riemers has attempted to appeal to this Court, alleging he had a right to a jury trial.

## II

[¶ 4]   The City contends this Court lacks subject matter jurisdiction over an appeal from a district court's decision after a trial anew on a noncriminal traffic violation.   Riemers argues that he has a constitutional right under N.D. Const. art. VI, § 2, to appeal to this Court and that "this Court has the inherent right to discretionary review of any matter."

[¶ 5]   Riemers has misconstrued the nature and extent of this Court's appellate jurisdiction.   Under N.D. Const. art. VI, § 6, "[a]ppeals shall be allowed from decisions of lower courts to the supreme court as may be provided by law." Accordingly, this Court has consistently held that the right to appeal in this state is "purely statutory." *E.g., State v. Keilen,* 2002 ND 133, ¶ 7, 649 N.W.2d 224; *State v. Bell,* 2000 ND 58, ¶ 17, 608 N.W.2d 232; *Whitaker v. Century 21,* 466 N.W.2d 114 (N.D.1991).   There is no federal or state constitutional right to an appeal. *E.g., State v. Causer,* 2004 ND 75, ¶¶ 22, 25, 678 N.W.2d 552; *Bell,* at ¶ 17; *State v. Robideaux,* 475 N.W.2d 915, 916 (N.D.1991); *Reub's Minot Camera, Inc. v. General Elec. Credit Corp.,* 201 N.W.2d 877, 879 (N.D.1972).   The right of appeal is governed solely by statute, and if there is no statutory basis for an appeal we must take notice of the lack of jurisdiction and dismiss the appeal. *State v. Grager,* 2006 ND 102, ¶ 4, 713 N.W.2d 531; *In re A.B.,* 2005 ND 216, ¶ 5, 707 N.W.2d 75.

[¶ 6]   In this case, not only is there no statutory authority for an appeal to this Court, but there is an express statutory provision prohibiting an appeal.   The procedures for prosecuting a noncriminal traffic offense are set out in N.D.C.C. § 39–06.1–03.   Subsection (5)(a) of the statute provides for an appeal from the municipal court to the district court for trial anew, but prohibits any further appeal:

> If a person is aggrieved by a finding that the person committed the violation, the person may, without payment of a filing fee, appeal that finding to the district court for trial anew.   If, after trial in the appellate court, the person is again found to have committed the violation, there may be no further appeal.

This Court has interpreted N.D.C.C. § 39–06.1–03(5)(a) to confer appellate jurisdic-

tion upon the district court, not this Court, and once a new trial is held in the district court there is no further appeal.   *State v. Walch,* 499 N.W.2d 602, 603 (N.D.1993). The Court expressly concluded: "We read the prohibition against a further appeal to wholly exclude the North Dakota Supreme Court from the appeal process," and "a noncriminal traffic case may not be appealed to this court." *Id.; see also Bland v. Commission on Med. Competency,* 557 N.W.2d 379, 384 (N.D.1996); *State v. Silkman,* 317 N.W.2d 124, 125 (N.D.1982).

[¶ 7]   The municipal court found that Riemers had violated the municipal ordinance.   Riemers then invoked the appellate jurisdiction of the district court by appealing to that court for trial anew under N.D.C.C. § 39–06.1–03(5)(a).   By the clear language of the statute there is no further appeal.   Accordingly, we conclude that we do not have jurisdiction and must dismiss the appeal. *See Grager,* 2006 ND 102, ¶ 4, 713 N.W.2d 531; *A.B.,* 2005 ND 216, ¶ 5, 707 N.W.2d 75.

[¶ 8]   Although we conclude that we lack jurisdiction over Riemers' attempted appeal, we note that an appropriate procedure was available for him to challenge the denial of a jury trial.   If Riemers believed he had a right to a jury trial on the charged offense, he should have immediately sought a transfer of the matter from the municipal court to the district court under N.D.C.C. § 40–18–15.1, which provides in part: "A matter may be transferred to district court for trial only if within twenty-eight days after arraignment the defendant has requested in writing to transfer the case to district court and to exercise the defendant's right to a jury trial."   This Court has clarified that unless the defendant makes a timely request under the statute to transfer the matter to district court "the right to a jury trial is lost." *City of Bismarck v. Fettig,* 1999 ND 193, ¶ 13, 601 N.W.2d 247.   If

Riemers had filed a timely request to transfer the matter to district court under N.D.C.C. § 40–18–15.1, and the municipal court had denied the transfer or the district court, after transfer, had denied Riemers' request for a jury trial, Riemers could then have sought a supervisory writ from this Court. *See Silkman,* 317 N.W.2d at 125 n. 1. This would have been the appropriate procedure to seek this Court's review of whether a defendant has a right to a jury trial in a noncriminal traffic case. Riemers did not follow this procedure, and never sought a supervisory writ from this Court. Rather, he made a demand for a jury trial in municipal court and, after being found guilty in a municipal court bench trial, invoked the appellate jurisdiction of the district court for a trial anew. At that point, further appellate review by this Court was precluded by N.D.C.C. § 39–06.1–03(5)(a).

III

[¶ 9] We conclude that we are without jurisdiction, and we dismiss the appeal.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.