2008 ND 158

**Milo BUCHHOLZ, Plaintiff and Appellant**

v.

**BARNES COUNTY WATER BOARD, Defendant and Appellee**

**Milo Buchholz, Plaintiff and Appellant**

v.

**H. Myron Nelson, Mary Nelson, and James Hendrickson, Defendants and Appellees.**

Nos. 20070325, 20070326.

Supreme Court of North Dakota.

Aug. 28, 2008.

Milo Buchholz, Fingal, N.D., *pro se.*

Corey J. Quinton, Oppegard, Wolf & Quinton, Moorhead, MN, for defendant and appellee Barnes County Water Board.

Derrick L. Braaten (argued), and Rudra Tamm (on brief), Sarah Vogel Law Firm, P.C., Bismarck, N.D., for defendants and appellees H. Myron Nelson, Mary Nelson, and James Hendrickson.

MARING, Justice.

[¶ 1] Milo Buchholz appealed from district court orders dismissing his actions against the Barnes County Water Board, H. Myron Nelson, Mary Nelson, and James Hendrickson for damages for failing to maintain a downstream watercourse. We affirm, concluding the district court did not err in granting summary judgment dismissing Buchholz's actions.

## I

[¶ 2] Buchholz farms land in Barnes County. Buchholz's land is bordered on the south by land owned by the Nelsons, and a slough straddles part of the property line. The land in that area is virtually flat, and the slough drains via a natural watercourse running south across the land of the Nelsons and then across Hendrickson's land. Buchholz claims the Nelsons and Hendrickson failed to properly maintain the natural watercourse, causing water to back up and flood portions of his land. Buchholz alleges the Nelsons and Hendrickson had a duty to clean out, mow, and burn vegetation growing in the natural watercourse to facilitate the flow of water off of his land.

[¶ 3] Buchholz sued the Nelsons and Hendrickson, alleging damages in the form of lost profits resulting from their alleged failure to properly maintain the downstream watercourse across their land. Buchholz also brought a separate action against the Barnes County Water Board ("the Board"), alleging dereliction of duty in the Board's failure to require the downstream landowners to maintain the watercourse. The two actions were consolidated, and the Board, the Nelsons, and Hendrickson moved for summary judgment dismissal of the actions. The district court concluded there were no genuine issues of material fact and dismissed Buchholz's claims.

[¶ 4] Buchholz appealed, alleging the district court erred in granting summary judgment dismissing his claims.

## II

[¶ 5] Before we consider the merits of an appeal, we must determine whether we have jurisdiction. *E.g., State v. Grager,* 2006 ND 102, ¶ 4, 713 N.W.2d 531; *Sanderson v. Walsh County,* 2006 ND 83, ¶ 4, 712 N.W.2d 842; *In re A.B.,* 2005 ND 216, ¶ 5, 707 N.W.2d 75. The right to appeal is a jurisdictional matter which this Court will consider sua sponte. *A.B.,* at ¶ 5. Even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if we conclude that we do not have jurisdiction. *Grager,* at ¶ 4; *A.B.,* at ¶ 5.

[¶ 6] The district court in this case issued a memorandum opinion granting the defendants' motions for summary judgment and directing the defendants to submit orders for the court's review. The defendants submitted proposed orders dismissing Buchholz's complaints, and the court signed and entered the orders. No formal judgments of dismissal were entered. Buchholz appealed from the memorandum opinion and from the orders dismissing the complaints.

[¶ 7] Although an order granting summary judgment or dismissing an action is ordinarily not appealable, we will treat it as an appealable final order when it was obviously intended to be the final order of the court. *E.g., Witzke v. Gonzales,* 2006 ND 213, ¶ 4, 722 N.W.2d 374; *Sanderson,* 2006 ND 83, ¶ 4, 712 N.W.2d 842; *Van Valkenburg v. Paracelsus Healthcare Corp.,* 2000 ND 38, ¶ 8 n. 1, 606 N.W.2d 908; *Timmerman Leasing, Inc. v. Christianson,* 525 N.W.2d 659, 660 n. 1 (N.D. 1994). In this case, the orders dismissing the complaints were clearly intended to be final, and we conclude the appeals are properly before us. However, we repeat the admonition of this Court in *Timmerman,* at 660 n. 1, and again urge trial courts to follow the appropriate procedures under N.D.R.Civ.P. 56 when dismissing an action on a motion for summary judgment, including entry of an order for judgment and a separate formal judgment.

## III

[¶ 8] Buchholz contends excess water was allowed to accumulate on his

property because the Nelsons and Hendrickson failed to properly maintain the downstream watercourse on their respective properties. Buchholz claims the Nelsons and Hendrickson should have mowed and burned vegetation growing in the natural watercourse to facilitate the flow of water off of his land. In his complaint against the Nelsons and Hendrickson, Buchholz sought monetary damages for lost profits attributable to land he claimed could not be farmed because of the excess water.

[¶ 9] In their motion for summary judgment, the Nelsons and Hendrickson alleged Buchholz had failed to establish that a downstream landowner has a duty to maintain a natural watercourse by removing vegetation growing naturally in the watercourse. Buchholz relies exclusively upon N.D.C.C. § 61–01–07 to support his claim that the Nelsons and Hendrickson are liable for lost profits resulting from excess water upon his land. Section 61–01–07, N.D.C.C., provides:

> If any person illegally obstructs any ditch, drain, or watercourse, or diverts the water therein from its natural or artificial course, the person is liable to the party suffering injury from the obstruction or diversion for the full amount of the damage done, and, in addition, is guilty of a class B misdemeanor.

■ [¶ 10] The Nelsons and Hendrickson contend, and we agree, that the statute does not create a duty upon a downstream landowner to keep a watercourse free of naturally occurring vegetation. The statute by its terms applies only if the landowner affirmatively and deliberately acts to obstruct or divert the flow of water. Furthermore, the obstruction or diversion of water must be illegal. Buchholz's arguments are premised upon alleged inaction by the Nelsons and Hendrickson, not upon intentional, illegal actions.

[¶ 11] We conclude that N.D.C.C. § 61–01–07 did not create a duty upon the Nelsons and Hendrickson to maintain the downstream watercourse by cleaning out, mowing, or burning naturally growing vegetation, and the district court did not err in granting summary judgment dismissing Buchholz's claims against them.

IV

■ [¶ 12] Buchholz alleges the district court erred in granting summary judgment dismissing his action against the Board for dereliction of duty. The Board contends the district court properly concluded that Buchholz had failed to raise a genuine issue of material fact and that the Board was entitled to judgment as a matter of law.

[¶ 13] Buchholz has based his claim against the Board exclusively upon N.D.C.C. § 61–21–43.1,[1] which provides:

> If the board determines that an obstruction to a drain, including if the drain is located within a road ditch, has been caused by the negligent act or omission of a landowner or landowner's tenant, the board shall notify the landowner by

---

1. There may be a question whether N.D.C.C. § 61–21–43.1 applies only to legally established assessment drains. *See* N.D.C.C. § 61–21–01(4) (defining "drain" for purposes of N.D.C.C. ch. 61–21); *see also Burlington N. & Santa Fe Ry. Co. v. Benson County Water Res. Dist.*, 2000 ND 182, ¶¶ 9, 14, 618 N.W.2d 155; *Kadlec v. Greendale Twp. Bd.*, 1998 ND 165, ¶ 15, 583 N.W.2d 817. There is no evidence that the watercourse in this case was an as-sessment drain, or that Buchholz had ever petitioned to establish a drain under the provisions of N.D.C.C. ch. 61–21. *See* N.D.C.C. § 61–21–10. None of the parties cited to N.D.C.C. § 61–16.1–51, which appears to give water resource boards authority over obstructions to a watercourse. Because all parties to this case have relied upon N.D.C.C. § 61–21–43.1, we will assume, without deciding, that the statute would apply in this case.

registered mail at the landowner's post office of record. A copy of the notice must also be sent to the tenant, if any. The notice must specify the nature and extent of the obstruction, the opinion of the board as to its cause, and must state that if the obstruction is not removed within the period the board determines, but not less than fifteen days, the board shall procure removal of the obstruction and assess the cost of the removal, or the portion the board determines, against the property of the landowner responsible. The notice must also state that the affected landowner, within fifteen days of the date the notice is mailed, may demand in writing a hearing upon the matter. Upon receipt of the demand the board shall set a hearing date within fifteen days from the date the demand is received. In the event of an emergency the board may, immediately upon learning of the existence of the obstruction, apply to a court of proper jurisdiction for an injunction prohibiting the landowner or landowner's tenant to maintain the obstruction. Assessments levied under this section must be collected in the same manner as other assessments authorized by this chapter. If, in the opinion of the board, more than one landowner or tenant has been responsible, the costs may be assessed on a pro rata basis in accordance with the proportionate responsibility of the landowners. A landowner aggrieved by action of the board under this section may appeal the decision of the board to the district court of the county in which the land is located in accordance with the procedure provided for in section 28-34-01. A hearing as provided for in this section is not a prerequisite to an appeal. If the obstruction is located in a road ditch, the timing and method of removal must be approved by the appropriate road authority before the notice required by this section is given and appropriate construction site protection standards must be followed.

[¶ 14] Under the statute, the Board must first find that an obstruction to a drain has been caused by the negligent act or omission of a landowner. Only after that initial finding is made may the Board initiate procedures to order removal of the obstruction. The Board in this case apparently never determined that a drain had been obstructed by the negligent act or omission of a landowner. Although his arguments on appeal are not well delineated, it appears that Buchholz's claim against the Board for dereliction of duty is based upon its failure to make this finding and to act upon it to remove the alleged obstruction.

[¶ 15] In resolving this issue, we are guided by the standards governing motions for summary judgment. Summary judgment is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if resolving factual disputes will not alter the result. *E.g., Red River Wings, Inc. v. Hoot, Inc.,* 2008 ND 117, ¶ 16, 751 N.W.2d 206; *Alerus Fin., N.A. v. Western State Bank,* 2008 ND 104, ¶ 16, 750 N.W.2d 412. Whether a grant of summary judgment was proper is a question of law that this Court reviews de novo on the record. *Red River Wings,* at ¶ 16; *Alerus,* at ¶ 16. The party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact. *Riemers v. City of Grand Forks,* 2006 ND 224, ¶ 7, 723 N.W.2d 518; *Johnson v. Nodak Mut. Ins. Co.,* 2005 ND 112, ¶ 9, 699 N.W.2d 45; *Koapke v. Herfendal,* 2003 ND 64, ¶ 11, 660 N.W.2d 206. On appeal, we view the evidence in the light most favorable to the

party opposing the motion. *Riemers,* at ¶ 7; *Johnson,* at ¶ 9; *Koapke,* at ¶ 11. The party opposing the motion, however, may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Riemers,* at ¶ 7; *Johnson,* at ¶ 9. Rather, the party resisting the motion must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact. *Riemers,* at ¶ 7; *Johnson,* at ¶ 9; *Koapke,* at ¶ 11. As expressed in N.D.R.Civ.P. 56(e):

> If a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, must be entered against the adverse party.

Summary judgment is appropriate against a party who fails to establish the existence of a genuine factual dispute on an essential element of his claim and on which he will bear the burden of proof at trial. *Riemers,* at ¶ 7.

[¶ 16] The party opposing summary judgment has the duty to direct the court's attention to relevant evidence in the record, and "[t]he court has no duty to scour the record for evidence that would preclude summary judgment." *Id.* We further explained the obligations placed upon the party resisting a summary judgment motion in *Earnest v. Garcia,* 1999 ND 196, ¶ 10, 601 N.W.2d 260 (citation omitted):

> Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position. In *Umpleby By and Through Umpleby v. State,* 347 N.W.2d 156, 160 (N.D.1984), this Court explained:
>
> > A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.
>
> > In summary judgment proceedings the trial court has no legal obligation or judicial duty to search the record for evidence opposing the motion for summary judgment. This principle is equally applicable, if not more so, to appellate proceedings because the appellate court, except for jurisdictional matters and the taking of judicial notice, generally considers only those issues raised in the trial court.
>
> [Citations omitted]. The party opposing the summary judgment motion "must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief." *Peterson v. Zerr,* 477 N.W.2d 230, 234 (N.D. 1991).

*See also Koapke,* 2003 ND 64, ¶ 11, 660 N.W.2d 206.

[¶ 17] In moving for summary judgment, the Board alleged there was no evidence in the record demonstrating that there was an obstruction in the watercourse caused by the negligent act or omission of any downstream landowner,

and the Board therefore did not commit any dereliction of duty by failing to order removal of the alleged obstruction. Buchholz based his claims against the Board upon N.D.C.C. § 61–21–43.1, and therefore would have had the burden to establish at trial that there was an obstruction in the watercourse caused by the negligent act or omission of another landowner as a predicate to his claim that the Board failed to act in accordance with the statute.

[¶ 18] In response to the Board's motion for summary judgment, Buchholz made only unsupported, conclusory allegations that the watercourse had been obstructed as a result of negligence by the Nelsons and Hendrickson. He did not submit an affidavit in opposition to the motion for summary judgment or draw the court's attention to evidence in the record showing specific facts creating a genuine issue of material fact. Under these circumstances, Buchholz failed to establish the existence of a genuine factual dispute on an essential element of his claim and on which he would bear the burden of proof at trial. *See Riemers*, 2006 ND 224, ¶ 7, 723 N.W.2d 518. Accordingly, the district court did not err in granting summary judgment dismissing Buchholz's complaint against the Board.

## V

[¶ 19] We have considered the remaining issues and arguments raised by the parties and we conclude that they are either unnecessary to our decision or are without merit. The orders dismissing Buchholz's actions are affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.