2009 ND 168

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Stephen Paul ADAMS, Defendant and Appellant.**

**No. 20090101.**

Supreme Court of North Dakota.

Sept. 16, 2009.

Gary E. Euren, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Mark Taylor Blumer, Valley City, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Stephen Paul Adams appeals from the district court's order entered after Adams' conditional plea of guilty for the charges of possession of marijuana with intent to deliver or manufacture and possession of drug paraphernalia. Adams argues the district court improperly denied his motion to suppress evidence found in a locked safe in his bedroom. We dismiss the appeal after concluding we do not have jurisdiction.

I

[¶ 2] Adams lived in a Fargo apartment with a person who was on probation. Law enforcement officers conducted a probation search of the apartment. The search resulted in Adams being charged with possession of marijuana with intent to distribute or manufacture and possession of drug paraphernalia.

[¶ 3] Adams moved to suppress some of the evidence seized during the search, alleging the search violated his Fourth Amendment right to be free from illegal search and seizures. The district court issued a written order denying Adams' motion to suppress. Adams entered a conditional plea of guilty. The district court issued an order accepting the conditional pleas and stated, "Sentencing is hereby continued pending the Defendant's appeal to the North Dakota Supreme Court of the adverse ruling of the Court [ ] in it's Findings of Fact, Conclusions of Law, and Order on Motion to Suppress and Decision therein dated January 27, 2009." Adams was not sentenced, and no judgment of conviction has been entered. Adams ap-

pealed from the March 9, 2009 order of Conditional Plea.

## II

[¶ 4] "The right of appeal is governed solely by statute, and if there is no statutory basis for an appeal we must take notice of the lack of jurisdiction and dismiss the appeal." *City of Grand Forks v. Riemers*, 2008 ND 153 ¶ 5, 755 N.W.2d 99 (citing *State v. Grager*, 2006 ND 102, ¶ 4, 713 N.W.2d 531 and *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75). This Court has explained:

> "The North Dakota Legislature has determined exactly what is and is not appealable. Sections 29–28–03 and 29–28–06 of the North Dakota Century Code provide as follows:
>
> "29–28–03. Appeals are matter of right.—An appeal to the supreme court provided for in this chapter may be taken as a matter of right.
>
> "29–28–06. From what defendant may appeal.—An appeal may be taken by the defendant from:
>
> 1. A verdict of guilty;
>
> 2. A final judgment of conviction;
>
> 3. An order refusing a motion in arrest of judgment;
>
> 4. An order denying a motion for a new trial; or
>
> 5. An order made after judgment affecting any substantial right of the party.
>
> "The statutory language is clear and definite and needs no interpretation or construction. *State v. Lewis*, 291 N.W.2d 735, 738 (N.D.1980). The only determination that must be made is whether or not the subject of the appeal comes within the statutory provisions of Section 29–28–06 of the North Dakota Century Code."

*State v. Schmitz*, 431 N.W.2d 305, 306–07 (N.D.1988).

[¶ 5] The *Schmitz* case involved four cases that were consolidated on appeal. *Id.* at 306. Appeals in three of the cases were dismissed because they did not have judgments of conviction or other final reviewable orders as required by N.D.C.C. § 29–28–06. *Schmitz*, 431 N.W.2d at 307. Here, the district court entered an order accepting Adams' conditional guilty pleas but stayed sentencing pending appeal. Like in *Schmitz*, Adams received no judgment of conviction or other final reviewable order. Without a judgment of conviction or other final order required by N.D.C.C. § 29–28–06, we have no jurisdiction to entertain this appeal. Therefore, Adams' appeal is dismissed.

[¶ 6] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.