# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2022 ND 171

Whitetail Wave LLC, a Montana Limited
Liability Company,                                    Plaintiff and Appellant

  v.

XTO Energy, Inc., a Delaware corporation,
the Board of University and School Lands of
the State of North Dakota, the State of
North Dakota, and Department of Water
Resources and Director,                              Defendants and Appellees

No. 20220061

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

Joshua A. Swanson, Fargo, ND, for plaintiff and appellant.

Spencer D. Ptacek (argued) and Lawrence Bender (on brief), Bismarck, ND, for defendant and appellee XTO Energy, Inc.

David P. Garner (argued) and Jennifer L. Verleger (on brief), Assistant Attorneys General, Bismarck, ND, for defendants and appellees The Board of University and School Lands of the State of North Dakota, The State of North Dakota, and Department of Water Resources and Director.

**Jensen, Chief Justice.**

[¶1]  Whitetail Wave LLC ("Whitetail") appeals from two judgments entered by the district court following the entry of orders granting summary judgment and dismissing claims asserted by Whitetail against XTO Energy, Inc. ("XTO") and the Board of University of School Lands of the State of North Dakota, the State of North Dakota, and the Department of Water Resources and Director (collectively "State"). Whitetail asserts the court erred by dismissing its claim asserting the State had committed an unconstitutional taking of its property interest, by dismissing Whitetail's trespass, slander of title, unjust enrichment and constructive trust claims asserted against the State, by determining XTO had not breached its lease agreement by failing to pay royalties owed to Whitetail, by determining XTO did not violate N.D.C.C. § 47-16-39.1, and by dismissing Whitetail's constructive fraud claim asserted against XTO. Because we conclude there are quiet title claims asserted by Whitetail remaining unresolved, we dismiss the appeal.

I

[¶2]  Whitetail sued the State and XTO, requesting the district court determine ownership of certain minerals in McKenzie County and asserting various other claims, including breach of an oil and gas lease, failure to pay royalties for production from minerals, and an unconstitutional taking without just compensation. All of the parties moved for summary judgment. The court granted the State's motion for summary judgment, dismissed Whitetail's claims against the State, and ordered the entry of a judgment. The court later granted XTO's motion for summary judgment, dismissed Whitetail's claims against XTO, and ordered the entry of a second judgment.

[¶3]  Whitetail specifically pled a claim to quiet title from any claims of the defendants to mineral interests located in sections 25, 26, 27, 34 and 35 of Township 154 North, Range 96 West. The judgment dismissing the claims against the State is limited to quieting title in favor of the State in 85.79

1

mineral acres within the SE1/4 of Section 27 and 123.92 mineral acres within the SW1/4 of Section 27, and dismissing all of the remaining claims asserted against the State. The judgment is silent with regard to Sections 25, 26, 34 and 35.

[¶4]   The judgment dismissing the claims against XTO dismissed Whitetail's complaint against XTO "in its entirety." The judgment further provides it disposes of all claims, counterclaims, cross-claims, and issues raised between the parties. The judgment is silent regarding Whitetail's claim to quiet title, with regard to the defendants, in Sections 25, 26, 34 and 35.

II

[¶5]   Whitetail's claim to quiet title in Sections 25, 26, 34 and 35 remains unresolved. Additionally, several of Whitetail's claims include the assertion the State improperly asserted claims over mineral acres it did not have an interest in, or alternatively, there was not a genuine dispute over those mineral interests and XTO should not have been withholding royalty payments owed to Whitetail.

[¶6]   We have previously reviewed the propriety of an appeal in cases where less than all of the underlying claims have been resolved, even when none of the parties to the appeal have requested review. *See James Vault & Precast Co. v. B&B Hot Oil Serv., Inc.*, 2018 ND 63, ¶ 9, 908 N.W.2d 108 (reviewing an appeal from a stipulated judgment dismissing some of the pending claims without prejudice and concluding the judgment was not a final judgment for the purpose of an appeal). In *James Vault* we noted the following:

> It is well established that the right to appeal in this State is governed by statute, and if there is no statutory basis to hear an appeal, we must dismiss the appeal. *E.g., Sanderson v. Walsh Cnty.*, 2006 ND 83, ¶ 5, 712 N.W.2d 842. Our appellate jurisdiction is governed by N.D.C.C. § 28-27-01, which provides, in relevant part, "[a] judgment or order in a civil action . . . in any of the district courts may be removed to the supreme court by appeal as provided in this chapter." We have previously held that "[o]nly those judgments and decrees which constitute a final judgment of the

rights of the parties to the action and orders enumerated by statute are appealable." *In re A.B.*, 2005 ND 216, ¶ 5, 707 N.W.2d 75. The right to appeal is jurisdictional and we will dismiss an appeal on our own motion if we conclude we do not have jurisdiction. *Id.*

We will not consider an appeal in a multi-claim or multi-party lawsuit which disposes of fewer than all the claims against all the parties unless the district court has first independently assessed the case and determined that a certification under N.D.R.Civ.P. 54(b) is appropriate. *Capps v. Weflen*, 2013 ND 16, ¶ 6, 826 N.W.2d 605; *Brown v. Will*, 388 N.W.2d 869 (N.D. 1986). Rule 54(b), N.D.R.Civ.P., authorizes a district court to direct entry of a final judgment adjudicating fewer than all the claims, or the rights and liabilities of fewer than all of the parties, upon expressly determining there is no just reason for delay. "Rule 54(b), N.D.R.Civ.P., preserves [our] long[-]standing policy against piecemeal appeals." *Pifer v. McDermott*, 2012 ND 90, ¶ 8, 816 N.W.2d 88 (quoting *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶ 7, 780 N.W.2d 676). "Upon requesting Rule 54(b) certification, the burden is upon the proponent to establish prejudice or hardship which will result if certification is denied." *Union State Bank v. Woell*, 357 N.W.2d 234, 237 (N.D. 1984). A district court must weigh the competing equities involved and must consider judicial administrative interests in making its determination whether to certify under Rule 54(b). *Woell*, at 237. Certification under Rule 54(b) "should not be routinely granted and is reserved for cases involving unusual circumstances where failure to allow an immediate appeal would create a demonstrated prejudice or hardship." *Symington*, at ¶ 9.

2018 ND 63, ¶¶ 8-9.

[¶7]   The judgments entered in the district court do not dispose of all of the claims and are not final. Additionally, the parties did not request, and the district court has not made, a determination that there is no just reason to delay an appeal as required by N.D.R.Civ.P. 54(b). Lacking a final judgment or proper N.D.R.Civ.P. 54(b) certification, there is no right to appeal.

## III

[¶8]  We conclude the judgments are not final for purposes of our appellate jurisdiction, and we dismiss the appeal.

[¶9]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Kari M. Agotness, D.J.

[¶10] The Honorable Kari M. Agotness, D.J., sitting in place of VandeWalle, J., disqualified.